IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JASMINE SMITH,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )     Civil Action No. 25-00040-KD-C |
| | ) |
| **JASHUBHAI CHAUDHARY,** | ) |
| **MOHAMMAD FARHAN,** | ) |
| **JUDGE MICHAEL HOYT,** | ) |
| **ALABAMA DISTRICT COURT,** | ) |
| **BALDWIN COUNTY PLACE 3** | ) |
| | ) |
|    **Defendants.** | ) |

## ORDER

    This action is before the Court on the "Emergency Motion for Injunctive Relief to Stop Unlawful Eviction" filed by *pro se* Plaintiff Jasmine Smith (doc. 3). Upon consideration and for the reasons set forth herein, the Motion is DISMISSED as MOOT.

    Smith alleges that she rented a house from Defendant Jashubhai Chaudhary at 14526 Headlands Lane, Foley, Alabama and he "initiated eviction proceedings against" her "alleging nonpayment of rent." (doc. 3). She alleges that the Baldwin County District Court violated her constitutional rights, including the right to due process, during the eviction proceedings and that the "eviction order was obtained in violation of their constitutional and procedural rights" (Id.). Smith seeks a "Temporary Restraining Order (TRO) to halt the eviction until a full hearing can be conducted" (Id.).

    A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." FF Cosmetics FL, Inc. v. City of Miami Beach, 866 F.3d 1290, 1298 (11th Cir.

2017) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); Gissendaner v. Comm'r, Georgia Dep't of Corr., 779 F.3d 1275, 1280 (11th Cir. 2015) (same standard for granting a temporary restraining order). Injunctive relief is an 'extraordinary and drastic remedy' and should not be granted unless 'the movant clearly establishe[s] the "burden of persuasion" as to each of the four prerequisites.'" FF Cosmetics FL, Inc., 866 F.3d at 1298 (quoting McDonald's Corporation v. Robertson, 147 F. 3d 1301, 1306 (11th Cir. 1998)). Also, the "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

The Court of Appeals for the Eleventh Circuit has held that irreparable injury is "the sine qua non of injunctive relief." Siegel, 234 F.3d at 1176 (citation and internal quotation marks omitted). The Eleventh Circuit has also held that an "injury is 'irreparable' only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991).

Smith argues that she "will suffer immediate and irreparable harm if the eviction proceeds, including loss of housing, displacement and undue hardship" (doc. 3). She also argues that she "has a substantial likelihood of success on the merits, as the eviction was obtained in violation of their constitutional rights and based on fraudulent misrepresentations", that the "balance of hardships favors Plaintiff, as Defendant will suffer no significant harm from a temporary injunction, whereas Plaintiff will face severe consequences", and that "granting this injunction serves the public interest, ensuring that judicial proceedings remain fair and that evictions are not carried out based on fraudulent claims." (Id.).

Review of the records at AlaCourt2.0.com indicates that the Statement of Claim for Eviction/Unlawful Detainer was filed by Chaudhary on December 12, 2024, for "non-payment of rent" Chaudhary v. Smith, Action No. 2024-909022.00 (D. Ct. Baldwin Co., Ala. 2024) (doc. 1). On January 28, 2025, a bench trial was held before District Judge Michael J. Hoyt in the District Court of Baldwin County. Among other relief, Judge Hoyt ordered Smith to "deliver" to Chaudhary

2

"the full and quiet possession" of the rental house and to remove her property from the rental house (Id., at doc. 17).  On February 5, 2025, Plaintiff filed an Application for Writ of Possession requesting that the District Judge issue a writ for possession of the premises on grounds that judgment had been entered in favor of Plaintiff  (Id., at doc. 24).

Review of the docket indicates that on January 30, 2025, when Smith filed this motion, her complaint, motion to proceed without prepayment of fees, and motion for summary judgment, she provided the Court with a different address than that of the rental house (docs. 1-4). Specifically, 17635 Dailey Lane, Foley, Alabama.  On her motion for summary judgment, Smith marked with an "X" the rental property address of 14516 Headlands Lane, Foley, Alabama and wrote the address of 17635 Dailey Lane, Foley, Alabama on the motion (doc. 4).  In her motion to proceed without prepayment of fees, Smith provided 17635 Dailey Lane, Foley, Alabama as her residential address. (doc. 2).

Smith appears to have moved out of the rental house that was the subject of the eviction proceedings. Since Smith no longer resides at the rental house, the need for injunctive relief to stop her eviction from the house appears to be moot.

Alternatively, if Smith has not moved out of the rental house, the state court proceedings to evict her appear to be ongoing, and the Younger abstention doctrine requires this Court to abstain from exercising jurisdiction over Smith's motion.  See Younger v. Harris, 401 U.S. 37, 43-46 (1971). Principles of equity, comity, and federalism guide the Court to abstain in deference to ongoing state court proceedings. (Id.). The Court looks to whether "(1) there is an 'ongoing' state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Tokyo Gwinnett., LLC v. Gwinnett Cnty., 940 F.3d 1254, 1268 (11th Cir. 2019) (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

As to the first factor, on February 5, 2025, Plaintiff filed an Application for Writ of Possession.  Thus, the state court proceedings appear to be ongoing. As to the second factor, the state proceeding implicates an important state interest in possession of real property and landlord-tenant relations as evidenced by the codification of landlord-tenant law in the Code of Alabama and the well-established Alabama case law regarding eviction proceedings.  As to the third factor, Smith has an adequate opportunity for judicial review of her federal constitutional claims in the state courts. See Thomas v. State of Florida, 2019 WL 1767228, *2 (M.D. Fla. 2019) ("If Thomas wishes to overturn the Judgment of Eviction and associated Final Notice of Eviction, he must pursue his rights in state court, whether by seeking a stay or reconsideration there or by appealing the decision to the state appellate court.").  Moreover, district courts routinely decline to exercise jurisdiction over state eviction proceedings.  Thomas, 2019 WL 1767228, *2 (collecting cases).

The Clerk is directed to mail a copy of this Order to Smith at her address of record.

**DONE** and **ORDERED** this 10th day of February 2025.


                                        s / Kristi K. DuBose
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**