# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JASMINE SMITH, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 25-CV-40-KD--C |
| JASHUBAI CHAUDHARY, ) | |
| MOHAMMAD FARHAN, ) | |
| JUDGE MICHAEL HOYT, ) | |
| ALABAMA DISTRICT COURT, ) | |
| BALDWIN COUNTY PLACE 3, ) | |
|    Defendants. | |

## ORDER

This action is before the Court on Plaintiff's Complaint (Doc. 1), and Motion to Proceed Without Prepayment of Fees, or *in forma pauperis* (IFP) (Doc. 2). The motion to proceed without prepayment of fees has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(b) and S.D. Ala. GenLR 72(a)(1).

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997)

(citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious

misrepresentation and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

A review of Plaintiff's IFP motion reveals that she is currently employed and receives monthly income of $3,214. (Doc. 2, PageID.4). Plaintiff pays monthly rent for an apartment or house in the amount of $2,400. (*Id*., PageID.5). She has three dependents, but their ages are unknown. (Doc. 2, PageID.4). Plaintiff states that she contributes $350 toward her children's support each month, specifically for childcare. (*Id*.). Plaintiff declares assets in the amount of $997, which includes $297 cash in accounts and $700 cash received in the past twelve (12) months as either tax refunds, Veteran benefits or social security benefits. Plaintiff lists debts and obligations, specifically utilities, in the total amount of $347.

Based on the information provided by Plaintiff, the Court finds that payment of the $405.00 filing and administrative fee here would not deprive Plaintiff of the basic necessities of life and that she does have the means to pay the filing fee for this action.

Accordingly, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is **DENIED**. Plaintiff is **ORDERED** to pay the required filing fee to proceed with this action on or before **May 22, 2025**, or it will be recommended that this action be dismissed due to plaintiff's failure to prosecute.

**DONE** and **ORDERED** this the **22nd** day of **April, 2025.**

/s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**