## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JASMINE SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **25-CV-40-KD--C** |
| **JASHUBAI CHAUDHARY,** ) | |
| **MOHAMMAD FARHAN,** ) | |
| **JUDGE MICHAEL HOYT,** ) | |
| **ALABAMA DISTRICT COURT,** ) | |
| **BALDWIN COUNTY PLACE 3,** ) | |
| **Defendants.** | |

### REPORT AND RECOMMENDATION

Plaintiff, Jasmine Smith, proceeding without an attorney, filed a complaint asserting federal constitutional claims. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of the record, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

Plaintiff's complaint was filed with a Motion for Leave to Proceed In Forma Pauperis (Doc. 2), an Emergency Motion for Injunctive Relief to Stop Unlawful Eviction (Doc. 3), and a Motion for Summary Judgment (Doc. 4). District Judge Kristi DuBose dismissed as moot Plaintiff's Emergency Motion. (*See* Doc. 5). Based on the information provided with Plaintiff's IFP motion, the undersigned found that payment of the Court's filing and administrative fee would not deprive Plaintiff of the basic necessities of life and that she had the means to pay the filing fee for this action. (*See* Doc. 6, PageID.27). The undersigned warned Plaintiff that failure to comply with the Court's order would result in recommendation that this action be dismissed due to Plaintiff's

1

failure to prosecute. (*Id.*) To date, Plaintiff has neither paid the filing fee as ordered nor communicated with the Court in any manner.

"A 'court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.'" *Montgomery v. Daniels*, No. CV 23-00479-TFM-C, 2024 WL 1473738, at *1 (S.D. Ala. Mar. 12, 2024), *report and recommendation adopted*, No. 1:23-CV-479-TFM-C, 2024 WL 1468363 (S.D. Ala. Apr. 4, 2024) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)). "There are two possible sources of authority for a district court to dismiss an action for a plaintiff's failure to prosecute or to obey the Court's orders: Federal Rule of Civil Procedure 41(b), or the Court's inherent power to manage its docket." *Bland v. Colvin*, No. CIV.A. 14-00374-KD-N, 2014 WL 6451246, at *2 (S.D. Ala. Nov. 17, 2014) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). Rule 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is not dependent upon defendant moving for dismissal, as the rule "authorizes a motion by the defendant," *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962), but does not preclude a court from "acting on its own initiative." *Id*. Furthermore, courts have the power to dismiss an action *sua sponte* for lack of prosecution because they are "vested with the inherent authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Montgomery,* 2024 WL 1473738, at *1 (citing *Link*, 370 U.S. at 630-631).

In the present action, Plaintiff failed to pay the filing fee by the court-ordered deadline of May 22, 2025, despite having several months to do so following the filing of her complaint. Plaintiff has not indicated to the court that she intends to prosecute this action and/or needs

additional time to raise the filing fee. With the foregoing in mind, and considering the underlying state court lawsuit, the undersigned finds that Plaintiff has abandoned prosecution of this federal case.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* for failure to prosecute and to obey the Court's order under both Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket, as no lesser sanction will suffice to address Plaintiff's delay.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **4th** day of **June 2025.**

/s/**WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**